[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM RE: DEFENDANT'S MOTION FOR SUMMARY JUDGMENT #110
On September 23, 1991, the plaintiffs, Patricia Pearce, Randal CT Page 3497 Coon, Andrea Coon and the Estate of Richard Coon filed a complaint against the defendants, The Guardian Life Insurance Company of America ("Guardian") and Susan Zinkwich. The facts of this case, as alleged by the plaintiffs, are, essentially, the following. On April 22, 1964, in the state of New Jersey, defendant Guardian issued a life insurance policy ("the policy") to its insured, Richard Coon who, at the time, was twenty years old. Mr. Coon designated as beneficiary of the policy his fiancee, defendant Susan Zinkwich, then known as Susan Anne Bilden. On September 18, 1965, Mr. Coon married the plaintiff, Ms. Pearce and, during their marriage, the couple paid the policy's premiums with their joint funds. On April 8, 1988, Ms. Pearce and Mr. Coon were divorced. In the dissolution judgment Ms. Pearce released all rights, title and interest in the aforementioned insurance policy, and the cash value thereof, to Mr. Coon, allegedly in consideration for the latter's promise to ensure that plaintiffs Randal and Andrea, the issue of the marriage, were the beneficiaries of said policy. On December 4, 1989, Mr. Coon died in Connecticut, and Ms. Pearce became the administrator of his Estate. Mr. Coon's life insurance policy was never altered to list Randal and Andrea as the beneficiaries. Indeed, the named beneficiary is still Susan Anne Bilden, a/k/a Susan Zinkwich. Consequently, Ms. Pearce contends that she has an equitable interest in the proceeds of the life insurance policy. The plaintiffs also maintain that Mr. Coon either did not ensure Randal and Andrea or mistakenly believed that said plaintiffs were the beneficiaries of the policy. Finally, the plaintiffs allege that because the policy was issued to a minor, the designation of a beneficiary at that time was ineffective and, therefore, Mr. Coon's Estate is the beneficiary of the policy proceeds.
On October 24, 1991, defendant Zinkwich filed a revised answer in which she denied, inter alia, that the plaintiffs have an equitable interest in the policy and that Richard Coon was to ensure that plaintiffs Randal and Andrea Coon were the beneficiaries of the policy. Defendant Zinkwich also filed a statement of claim to the proceeds of the policy. On October 15, 1991, defendant Guardian filed a disclaimer of interest and an answer in which it primarily left the plaintiffs to their proof. On October 28, 1991, the court, Pickett, J., ordered that the plaintiffs and defendant Zinkwich interplead together. CT Page 3498
On December 5, 1991, the plaintiffs filed an answer to Ms. Zinkwich's statement of claim in which they primarily either denied the allegations or claimed to lack sufficient knowledge on which to form a belief. On March 6, 1992, defendant Zinkwich filed a motion for summary judgment, attaching thereto a supporting memorandum and documents. On March 23, 1992, the plaintiffs filed a memorandum in opposition to the motion for summary judgment, attaching thereto supporting materials.
Summary judgment is provided for in Practice Book 378-384, and is a means of eliminating the "delay and expense of litigating an issue when there is no real issue to be tried." Wilson v. New Haven, 213 Conn. 277, 279, 567 A.2d 829 (1980). Summary judgment "`shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" Hammer v. Lumberman's Mutual Casualty Co.,214 Conn. 573, 578, 573 A.2d 699 (1990) (quoting Practice Book 384). Additionally, the trial court, in ruling on a motion for summary judgment, must "view the evidence in the light most favorable to the nonmoving party." Connell v. Colwell, 214 Conn. 242, 246-47,571 A.2d 116 (1990).
In her memorandum in support of her motion for summary judgment, defendant Zinkwich maintains that Patricia Pearce cannot claim an interest in the proceeds of the insurance policy because, pursuant to the dissolution decree, she released any rights to the policy she may have had. Ms. Zinkwich also contends that Randal and Andrea Coon are attempting to collaterally attack the judgment dissolving the marriage of their parents in an effort to obtain a benefit not provided to them therein. The defendant claims that to designate these plaintiffs as beneficiaries would be void pursuant to General Statutes 46b-81 (a), as Mr. Coon's consent would be required. Finally, the defendant contends that the policy originally signed by Mr. Coon as a minor is neither void nor voidable because Mr. Coon maintained this policy well beyond reaching the age of majority. The defendant contends that the policy is still valid and, therefore, that she, and not the plaintiffs, is entitled to said policy's proceeds. Consequently, the defendant maintains that her motion for summary judgment should be granted.
The plaintiffs, in responding to the motion for summary judgment, claim that there exist genuine issues of material fact and, therefore, summary judgment should be denied. The plaintiffs maintain that both Ms. Pearee and Mr. Coon, in constructing the aforementioned dissolution agreement, operated under a mistake of fact concerning the beneficiary of the policy. Specifically, the plaintiffs contend that both Ms. Pearce and Mr. Coon believed that either Ms. Pearce or plaintiffs Randal and Andrea Coon were the CT Page 3499 beneficiaries of the policy. Affidavit of Patricia Pearce, Paragraph 9; Affidavit of Attorney John Gawrych, Paragraph 6. In the alternative, the plaintiffs maintain that Mr. Coon committed a fraud upon Ms. Pearce by deliberately concealing the fact that neither she nor their children were the policy's beneficiaries.
As was noted, supra, defendant Zinkwich, in her pleadings, denies that the decedent was to ensure that Randal and Andrea were the policy's beneficiaries. The plaintiffs, in opposing the motion for summary judgment, have submitted, inter alia, the affidavit of Attorney John Gawrych, who represented Mr. Coon in the aforementioned dissolution proceeding. Mr. Gawrych states that Mr. Coon believed, at the time of the dissolution, that his children were the beneficiaries of his life insurance policies. Affidavit of Attorney John Gawrych, Paragraph 6. Whether the decedent and Ms. Pearce operated under a mistake of fact concerning the identity of the beneficiary of the policy when constructing a dissolution agreement constitutes a genuine issue of material fact. Additionally, whether the decedent acted in an effort to deliberately conceal the fact that defendant Zinkwich was the beneficiary also presents a genuine issue of material fact. The existence of such issues of material fact preclude this court from granting the defendant's motion for summary judgment, Hammer, supra, and, consequently, said motion is denied.
DRANGINIS, JUDGE.